## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FULBRIGHT & JAWORSKI, L.L.P.,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**CENTERS FOR MEDICARE AND** )<br>**MEDICAID SERVICES,** )<br>)<br>**Defendant.** )<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 08-0643 (RMU)** |

## OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME
## TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Plaintiff Fulbright & Jaworski, L.L.P. ("Fulbright") hereby opposes the government's Motion to Enlarge Time to Answer or Otherwise Respond to the Complaint. The original time to respond expired on May 22, 2008; on that date, the government requested an extension of time to June 23, 2008.

The government offers no legitimate basis for an enlargement of time, particularly when one considers that this is a FOIA case. The government first asks for additional time to respond because the case was not assigned promptly to a United States Attorney. However, the United States Attorney's Office has known about this case since April 22. Delay or neglect in assigning a case to a handling attorney is not good cause for an extension.

The government also claims that it needs more time to answer or respond because "agency counsel is investigating the history of the case." Fulbright's FOIA request was submitted to the agency on June 12, 2007. The Complaint in this action was filed on April 14,

2008, and immediately served upon CMS. There is simply no reason why any investigation should be ongoing. Instead, the government should have used the time since the Complaint was filed to gather and produce documents responsive to Fulbright's FOIA request.

Congress has mandated that FOIA complaints are to receive priority treatment and has specifically limited the government's time to respond to a FOIA complaint to thirty days. See 5 U.S.C. § 552(a)(4)(C). There is no need for a lengthy investigation by defense counsel. The Complaint alleges that Fulbright submitted a FOIA request and the government failed to respond in any way. Confirming these facts should not take any significant amount of time. The government's motion to enlarge asks this Court to double the time mandated by Congress for no good reason.

In response to a footnote in the Defendants' motion and to expedite the resolution of this matter, Fulbright has amended its Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to name the Centers for Medicare and Medicaid Services ("CMS") as the defendant in place of Kerry Weems, the Acting Administrator of CMS, who was sued only in his official capacity.[1] This Amendment does not provide any grounds for granting the government's motion. The original Complaint and summonses were served upon the United States Attorney, the Attorney General of the United States, and CMS, and, as the government admits in its motion, the government has been on notice of this action since April 22, 2008.

---

[1] Fulbright made this amendment only for the sake of clarity and to save the Court and the parties time should an argument later be made by the government that the proper defendant had not been named. Although the original Complaint did not name CMS, it clearly stated that Kerry Weems was named in his official capacity and that the declaratory and injunctive relief sought would be directed at the agency. See Complaint ¶¶ 5, 14. It is well established that a suit against an officer in his official capacity is actually a suit against the agency itself. See Brandon v. Holt, 469 U.S. 464, 472 n.21 (1985) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); Ky. v. Graham, 473 U.S. 159, 167-68 (1985) (unlike individual capacity actions, a victory in an action against an officer in his official capacity is "against the entity that employs him").

Even if the Court were to view Rule 15(a)(3) as providing the government an additional ten days to respond to the Amended Complaint, the government's answer would be due on or before June 12, 2008  Any extension beyond June 12, including an extension to June 23 as requested by the government, should not be granted.

Dated: May 29, 2008                              Respectfully submitted,


                                                 /s/ Frederick Robinson
                                                 Frederick Robinson
                                                 D.C. Bar No. 367223
                                                 Caroline M. Mew
                                                 D.C. Bar No. 467354
                                                 Ashley E. Seuell
                                                 D.C. Bar No. 494170
                                                 FULBRIGHT & JAWORSKI L.L.P.
                                                 801 Pennsylvania Avenue, NW
                                                 Washington, D.C. 20004
                                                 Telephone:  (202) 662-0200
                                                 Facsimile:  (202) 662-4643

                                                 Counsel for Plaintiff